UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MAURICE BERNARD YOUNG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV411-175 |
| | ) | CR410-044 |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Maurice Bernard Young pled guilty to one count of possessing a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 180–months' imprisonment. CR410-044, doc. 36 (plea agreement); doc. 37 (judgment).[1] He took no appeal,[2] and now moves for 28 U.S.C. § 2255 relief. Doc. 38.

Young's four prior convictions qualified him for an "armed career criminal" enhancement, PSI ¶¶ 19, 30, and Young never objected, PSI Addendum, but he now alleges that his appointed counsel, Martin G.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

[2] There was no appellate waiver in this case. Doc. 36; *see also* doc. 45 at 2 (government concedes this).

Hilliard, provided him ineffective assistance of counsel (IAC) by failing to challenge the "career" designation. Doc. 39 at 8-18. Hilliard was also ineffective, he contends, for failing to explain to him the direct consequences of his guilty plea, and by failing to file an appeal. *Id.*

In response to Young's "lost-appeal" claim,[3] the government has tendered Hilliard's affidavit attesting that in fact he did timely consult

---

[3] The appeal of a federal conviction is "a matter of right," *Coppedge v. United States*, 369 U.S. 438, 441 (1962), and thus "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id.*

Because this step is too often mishandled, *see, e.g., Pinckney v. United States*, 2010 WL 5497793 at * 1 n. 1 (S.D. Ga. Dec. 3, 2010) (collecting cases), this Court created a reminder "Notice Of Counsel's Post–Conviction Obligations," to be furnished to counsel and client immediately after each conviction. *See Baughman v. United States*, 2008 WL 3861991 at *3-6 (S.D. Ga. Aug. 18, 2008) (copy of that form). It requires both attorney and client to consult about the defendant's appellate rights, then execute and file the Notice, thus memorializing that consultation and the defendant's decision. Failure to do that can result in substantial costs to both counsel and the Court system. *See Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011); *Reese v. United States*, 2012 WL 70680 *1 (S.D. Ga. Jan. 9, 2012).

The form thus should be delivered by the Court's courtroom deputy to each defense lawyer following his client's conviction. It is designed to prevent precisely these sorts of claims. *Holloway v. United States,* 2009 WL 765010 at * 2 n. 2 (S.D.Ga. Mar. 23, 2009). Nothing, of course, stops defense lawyers from using these forms on their own and avoid having to come back and testify in § 2255 evidentiary hearings at their expense. Finally, the Court directs the Clerk to serve every defense attorney with a copy of the Notice with each sentencing hearing notice. The Clerk shall also

with Young about an appeal but Young denied any interest in a direct appeal. Doc. 45-1 at 2-3. This contradicts Young's sworn-to § 2255 motion: "counsel failed to timely file an appeal at movant's request." Doc. 38 at 7, 13. Noting the factual conflict, the government concedes that Young is entitled to an evidentiary hearing to resolve it. Doc. 45 at 11-12, 16.

The Court agrees. And under Rule 8(c) of the Rules Governing Section 2255 Proceedings, Young is entitled to the appointment of counsel pursuant to 18 U.S.C. § 3006A(g) to represent him at the evidentiary hearing. The Clerk is therefore **DIRECTED** to prepare the necessary paperwork for appointment of counsel and to schedule an evidentiary hearing on this matter. The Court will reach the remaining issues after that hearing.

**SO ORDERED** this 7th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

upload a copy to this Court's website under its "forms" section and label "Notice Of Defense Counsel's Post–Conviction Obligations."