# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MAURICE BERNARD YOUNG,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. CV411-175<br>[CR410-044] |

# **O R D E R**

The Court **GRANTS** the government's reconsideration motion, CR410-044 (doc. 58) and **AMENDS** its Report and Recommendation (doc. 54) by replacing footnote 3 with this:

> At the evidentiary hearing government counsel acknowledged the uncertainties of such a confused record and the difficulties faced by the Court in making its credibility choice, and suggested that "it may be the better part of discretion to allow the out-of-time appeal without necessarily resolving the other questions." Tr. 53; *id.* at 54 (where the government declined to stipulate that Young was entitled to an out-of-time appeal but conceded "that the record would support such a finding."). While sorely tempted to accept this invitation, the Court does not believe that it can avoid the difficult task of resolving the credibility issue and making a specific finding as to whether Hilliard did or did not fulfill his duty to determine his client's informed wishes regarding an appeal and then comply with his client's instructions. A finding that Hilliard shirked that duty is required before the Court can authorize an appeal filed beyond Fed. R. App. P. 4(b)(1)(A)'s 14-day time limit.

*United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir.2009); *United States v. Foster*, 430 F. App'x 771, 771-72 (11th Cir. 2011) (upholding government's objection to untimely notice of appeal); *cf. United States v. Phillips*, 225 F.3d 1198, 1199-2000 (11th Cir. 2000) (untimely filing can be excused upon an ineffective assistance showing). Thus, the Court must meet the credibility issue head-on.

**SO ORDERED** this 2nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA